*259 OPINION.
Trammell
: On July 21, 1919, the taxpayer owned 1,250 shares of stock. Of this number, 125 shares of the par value of $12,500, which had been acquired at that price in 1910, had a market value on March 1, 1913, of $590.62 per share. In 1918 he purchased an additional 125 shares at $100 per share. The remaining stock was received by him as stock dividends. The stock owned by the taxpayer was sold in 1919 for a total consideration of $250,000. Since the sale of the stock received as dividends and the stock originally acquired was consummated in one transaction, the entire cost of the stock was represented by the purchase price of that stock which had been purchased.
The Commissioner considered that the 100 shares appearing in the name of Gillispie belonged to Kelly and that the initial payment of $75,700 was in excess of one-fourth of the purchase price of the stock sold. The evidence convinces the Board that the Commissioner was in error in that respect and that Gillispie was the owner of the stock appearing in his name on the books of the corporation. Of the cash received, $20,000 was for Gillispie’s stock and should not be included in the gross income of the taxpayer. It thus appears that taxpayer received $55,700 in cash of a total sales price ■of $250,000, the balance being represented by notes.
It was not shown that the notes received for the property sold were not worth their full face value or that there was not a market therefor. In the absence of such showing the transaction amounted to the receipt of cash and notes which were the equivalent of cash, and as such the transaction was a single closed transaction in the year 1919. The taxpayer received cash and the equivalent of cash for the stock.